GRAHAM *v.* JONESBORO, LAKE CITY & EASTERN RAILROAD

COMPANY.

Opinion delivered March 2, 1914.

1. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—RATIFICATION.—Where one B., attorney for appellee, entered into a contract with appellant in behalf of appellees, and the appellee accepted the contract and undertook to perform the same, it will be held to have ratified the contract. (Page 601.)

2. CONTRACTS—ACCEPTANCE IN PART—NOTICE.—Where an agent undertakes to make a contract for his principal, the principal can not accept a portion of the contract and repudiate the remainder without notice to, and consent of, the other party. (Page 602.)

3. STATUTE OF FRAUDS—CONTRACT TO BE PERFORMED WITHIN A YEAR.—An oral contract to maintain a spur track as long as a certain gin was operated, does not fall within the provisions of the statute of frauds requiring contracts not to be performed within a year to be in writing, as the contract might have terminated within a shorter period than a year. (Page 602.)

4. CONTRACTS—DEFINITENESS—CONSTRUCTION.—An oral contract whereby appellee agreed to maintain a spur track for the use of appellant, as long as appellant operated a gin at a certain place, is not to indefinite to be enforced. (Page 602.)

Appeal from Craighead Circuit Court, Jonesboro District; *J. F. Gautney,* Judge; reversed.

*N. F. Lamb* and *Jno. R. Turney,* for appellants.

1. The contract involved here is not within the statute of frauds. 56 Ark. 629; 54 Ark. 202.

2. Neither is it a contract contrary to public policy. The interests of the public are in no wise injuriously affected thereby, and there is no proof whatever that the taking out of appellant's spur track on the day that he commenced business was necessary for the interest or

welfare of anybody, save possibly that of appellant's competitor. 75 S. W. (Mo.) 915.

3. The rule of mutuality applies only to executory contracts, not to contracts where a consideration is given for the right or option to do, or not to do, a certain thing.

The detriment suffered by appellant in moving his gin at appellee's request, and in building the substructure for the spur track, was a sufficient consideration. The contract is not void for want of mutuality. 100 N. W. 1009; 3 Page on Contracts, 1360; 93 N. W. 882; 66 N. W. 536.

4. The agreement to maintain the spur "as long as the gin stays there," did not render the contract indefinite as having no words limiting or fixing the duration of the contract. 32 N. E. 802; 66 N. W. 536; 5 Del. Lex & S. M. 138; L. R. 7 House of Lords 550; 69 Fed. 773; 129 Fed. 849; 145 U. S. 459; 54 Ark. 199.

5. Appellee agreed "to maintain the track as long as the gin stayed there." The duty was upon it, therefore, to maintain the substructure of the spur track. Standard Dict., "maintain;" Webster's Dict. Repair and maintain used in this connection mean practically the same thing. 131 Mo. 86; 33 S. W. 480; 48 Ind. 218; 58 N. H. 252; 101 S. W. 414.

*Coleman, Lewis & Cunningham,* for appellee.

1. It appears by appellant's evidence that no contract for any definite duration is proved, and, since the contract was not, for any definite time, appellee had a right to remove the track after a reasonable time. 33 Cyc. 637; 90 Fed. 148; 65 Fed. 736; 136 U. S. 393.

2. The proof shows that appellant had abandoned the gin, of which fact appellee was notified. The latter thereupon had the right to cease operating the spur track.

3. The evidence wholly fails to show that Judge Brown had any authority to make the alleged contract.

*N. F. Lamb* and *Jno. R. Turney,* for appellant in reply.

The question of Judge Brown's authority was not raised in the lower court.

The contract having been performed, his authority will be presumed.

The appellee having enjoyed the benefits of the contract, will be held to have ratified it.

McCULLOCH, C. J. This is an action instituted by appellants against appellee, the Jonesboro, Lake City & Eastern Railroad Company, to recover damages on account of appellee's alleged breach of its contract to maintain a spur track from the line of its railroad at Dell, Arkansas, to a cotton gin owned and operated by appellants at that place.

The alleged contract was not in writing, but was an oral one, according to the testimony, entered into between appellants and one of the officers of the railroad company. Appellants formerly operated a gin at Barfield, but were seeking a new location, and claim that they were induced to locate the gin at Dell under a promise from the railroad company that it would give them a spur and maintain it as long as the gin was operated at that place.

The testimony of one of the appellants on this point, and that is the only testimony on the subject, is as follows: "We had two places in view, and I talked to Judge Brown about it. He stated that if we moved it to Dell and would furnish the ties, they would put down the track and maintain it as long as the gin stayed there." He testified that Judge Brown was the attorney for the railroad company. The gin was located at that place and the spur track was built in accordance with the alleged agreement, and maintained for several years. In August, 1911, the railroad company undertook to change the arrangement by discontinuing the spur and constructing a passing track with which appellants and a competing concern, operated at that place, would have the privilege to connect. The testimony is conflicting on the

point as to what the change was that the railroad company was attempting to make, but the testimony adduced by appellants tends to show that the railroad company built a new passing track and demanded that appellants construct a part of the dump and furnish a considerable portion of the ties, all of which would have cost them about $300. Testimony adduced by appellee tended to show that appellants were required only to furnish some ties to repair the spur track. But, as before stated, the testimony is conflicting on that point. There was enough to go to the jury in support of the contention of appellants that the railroad company declined to maintain the spur track any longer and demanded that appellants bear a considerable portion of the burden of putting in another track. Appellants refused to comply with the demands of the railroad company, and the company removed the switches which connected the spur track with the main track on the day that appellants began operation of the gin in the fall of 1911. The service was restored some time later upon an order of the Railroad Commission, and this is an action to recover the damages alleged to have been sustained during the time that service was denied.

At the conclusion of the introduction of testimony the court gave a peremptory instruction in favor of appellee. The question is, therefore, whether or not there was enough evidence to warrant the submission to the jury of the issues of fact.

Appellee, in its answer, denied that it had contracted to permanently maintain the switch, and also pleaded the statute of frauds.

Several grounds are urged by appellee in support of the trial court's ruling in giving a peremptory instruction. In the first place it is said that the proof is silent as to the authority of Judge Brown to enter into the contract. But it is sufficient, in reply to that, to say that his authority was not disputed and the railroad company put in the spur pursuant to the alleged contract, and that amounted to a ratification. The testi-

mony shows that Judge Brown was the attorney for the company, and, that being true, the acceptance of the contract by the company, without notice to appellants, amounted to a ratification of its terms. The company could not accept a portion of the contract and repudiate the remainder without notice to, and consent of, the appellants.

The contract was not one that fell within the provisions of the statute of frauds requiring contracts not to be performed within a year to be in writing. The contract to maintain the track as long as the gin was operated at that place was not necessarily a contract which extended over more than one year, for it might, or might not, have been terminated within a shorter period. The case on that point is ruled by decisions of this court. *Railway Company* v. *Whitley*, 54 Ark. 199; *Sweet* v. *Desha Lumber Co.*, 56 Ark. 629; *Sullivan* v. *Winters*, 91 Ark. 149; *Valley Planting Co.* v. *Wise*, 93 Ark. 1; *Friedman* v. *Schleuter*, 105 Ark. 580.

It is earnestly insisted by learned counsel for appellee that the contract was too indefinite to be enforcible, because no definite time was named. The authorities they rely on do not sustain them. The opinion of the United States Circuit Court of Appeals, written by Judge Taft, in the case of *Jones* v. *Newport News, etc., Co.*, 65 Fed. 736, is relied on by appellee; but in that case the right to make a contract like the one in this case was clearly recognized. This is also true of the case of *Mercantile Trust Co.* v. *Columbus, S. & H. R. Co.*, 90 Fed. 148, relied on by counsel. In the opinion in each of those cases the point is made that there was no contract for any time at all. Nor does this case fall within the decision of the Supreme Court of the United States in *T. & P. Ry. Co.* v. *City of Marshall*, 136 U. S. 393, where it was held that it was against public policy to permit a railroad company to make a contract which would restrict or impair the performance of its duty to the public. That case involved a contract for the location and permanent maintenance of railroad shops at a city which

was then one of the terminii of the railroad, and the court held that the duty to the public might require the removal of the shops to some other place. In the present case no question of public policy or duty to the public is involved, because the contract only covers a private arrangement for service furnished to one patron of the road. A different question might be presented if the railroad company should see fit to change its tracks in order to serve the public, and thus render itself unable to connect with the spur track. No such state of affairs is shown in this case. The agreement to permanently maintain this spur track was merely a private matter with the shipper and did not involve a duty to the public. *Butler* v. *Tifton, T. & G. Ry. Co.*, 121 Ga. 817, 49 S. E. 763.

The authorities cited on appellants' brief abundantly sustain the contract in this case and the right to recover damages for its breach.

We think there is enough testimony to warrant the submission to the jury of the issue both as to whether the contract was entered into as claimed by appellants and as to the alleged breach thereof by appellee.

In view of another trial of the case, we deem it not improper to add, by way of guide to the trial court, that the amount of damages should, in any event, be limited to the cost of complying with the new arrangement proposed by the appellee with reference to the track. The railroad company had the right to make changes that were necessary to accommodate other shippers, and if equal facilities were offered under the new arrangement there was no breach of the contract, and appellants would only be entitled to the cost of complying with the requirements in installing the new track. That would be the extreme limit of the right of recovery under the principle that it was their duty to do whatever was necessary to mitigate the damages. However, the damages might, according to the proof, have been much less than that.

· For the error in giving the peremptory instruction the judgment is reversed and the cause remanded for a new trial.