COFFELT *v.* DECATUR SCHOOL DISTRICT No. 17.

4-8727                                217 S. W. 2d 347

Opinion delivered February 14, 1949.

*Jeff Rice* and *Eugene Coffelt,* for appellant.

*Smith & Smith,* for appellee.

GRIFFIN SMITH, Chief Justice. Effect of a former opinion was to say that a deed from James M. Burgin

created a determinable fee. *Coffelt* v. *Decatur School District No. 17*, 212 Ark. 743, 208 S. W. 2d 1. Remand was with direction that the School District's demurrer be overruled. Trial resulted in a finding that the District had not abandoned, and Coffelt has appealed.[1] Because of our holding in the opinion of January 26, 1948, that the deed was not absolute, the only issue here is whether the Court correctly found that the District had not abandoned.

Dissolution of Burgin Valley School District No. 45 with annexation of its territory to Decatur District 17 was completed early in 1947. Appellant insists that consolidated school districts, as they exist today, were not contemplated when the deed was made more than half a century ago, hence it could not have been Burgin's intent, or the intent of those acting for his grantee in 1884, that when class work and related school activities ceased, as in 1947, the property continued to serve a school purpose; nor could it have been within contemplation of those interested that a right conditionally conveyed as a local accommodation would pass in ownership to another community. *Missouri Pacific Railroad Company* v. *Strohacker*, 202 Ark. 645, 152 S. W. 2d 557, and the same Company against *Furqueron*, 210 Ark. 460, 196 S. W. 2d 588. There is some force to this argument. We think, however, that assets of the dissolved district, in passing to District 17, included the land with the building. Burgin could not, by an unexpressed reservation, restrict legal uses to which the property might be put.

In March 1947 following consolidation, Coffelt procured a quitclaim deed from the Burgin heirs. June 9th the Directors of District 17 ordered the school building

---

[1] The District's answer recites that the land was conveyed to Burgin Valley School District No. 45 of Benton County, and that in 1947 Burgin Valley was consolidated with Decatur School District No. 17, and in consequence Decatur became owner of the land, upon which there was a building [estimated to be worth $2,000]. Burgin's deed was executed July 3, 1884, and recorded in 1898. [In trial preliminaries discussions disclosed that property deeded by Jim (James M.) Burgin was owned by Merritt Burgin. However, the parties appear to have agreed that Merritt Burgin was James Burgin's father. In its brief the District says the sole issue is whether there had been an abandonment for school purposes.]

to be moved to a designated site near the main building in the Town of Decatur. At the time this resolution was passed it was specified that a building be erected as a bus station on the old Burgin Valley campus. It was completed June 17 at a cost of $95. There is no testimony that the station was ever used through necessity or as an incident to appreciable accommodation. Appellant insists that the Board's purpose in having the station built was an afterthought suggested by such cases as *Rose* v. *Marshall Special School District No. 17,* 210 Ark. 211, 195 S. W. 2d 49, and *McCulloch* v. *Swifton Consolidated School District,* 202 Ark. 1074, 155 S. W. 2d 353.

The record indicates that when Coffelt informed school authorities he intended to claim under the deed, the Directors were uncertain regarding the District's right to move the building. The controversy was discussed on a friendly basis, each claimant being of the opinion that the other had not committed an act upon which a lawsuit could be predicated. The resolution directing that the building be moved apparently resulted from these conversations. The 1947 spring term of school ended shortly before the so-called bus station was built.

We agree with what the Chancellor apparently found —that the element of time was not alone sufficient to show abandonment for all school purposes, and failure of school patrons to make practical use of the station during the short interim did not afford substantial basis for injunctive relief in Coffelt's favor.

Affirmed.