William Phillip COTTRELL *v.* Myrldehne COTTRELL

97-654 965 S.W.2d 129

Supreme Court of Arkansas
Opinion delivered March 19, 1998

*Jon R. Sanford,* for appellants.

*Susan A. Fox,* for appellees.

ANNABELLE CLINTON IMBER, Judge. The appellants, William and Deborah Cottrell, sued the appellees, Myrldehne Cottrell and the Cottrell Corporation, for fraud and breach of an oral employment contract. The trial court granted summary judgment to the appellees. We affirm.

Ralph and Myrldehne Cottrell owned and operated the Cottrell Corporation located in Springdale, Arkansas. In 1992, Ralph was diagnosed with terminal cancer. At the time, Ralph's son, William Cottrell, and William's wife, Deborah, were living in Terre Haute, Indiana. In October of 1992, Ralph and Myrldehne asked William and Deborah to move to Arkansas so that William could visit regularly with his father and help run the Cottrell Corporation. Myrldehne also told William that she suspected someone was stealing from the Cottrell Corporation, and that she was afraid of being placed in a nursing home after Ralph died. To entice William and Deborah to move to Arkansas, Ralph and Myrldehne orally promised the couple free housing and jobs with the Cottrell Corporation for a combined salary of $400 a week.

In reliance on these promises, William and Deborah quit their jobs, sold their home, and moved to Arkansas in late January of 1993. Ralph Cottrell died on February 28, 1993, leaving all of his property, including the Cottrell Corporation, to his wife, Myrldehne. The day after Ralph Cottrell's funeral, Myrldehne terminated William's and Deborah's employment, and a few days later, she evicted the couple from their home.

On January 18, 1994, William and Deborah filed a legal action for fraud against Myrldehne and the Cottrell Corporation. Myrldehne and the Cottrell Corporation filed a motion for summary judgment contending that there was no evidence of fraud, and that the termination did not constitute a breach of contract. On March 26, 1997, the trial court found that the parties had entered into an oral employment contract without a specific duration. Thus, pursuant to the employment-at-will doctrine, Myrldehne and the Cottrell Corporation were free to terminate William and Deborah at any time and without cause. The court also granted summary judgment on the fraud claim because there was no evidence of any misrepresentation by Myrldehne or the Cottrell Corporation.

■ On appeal, William and Deborah claim that the trial court erred when it granted summary judgment on their claim for breach of contract, but they do not contest the trial court's ruling on their fraud claim. As we have said on numerous occasions, summary judgment is appropriate if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. In making this determination, we review the proof submitted in the light most favorable to the party resisting the motion, and resolve all doubts and inferences against the moving party. *Lovell v. Brock*, 330 Ark. 206, 952 S.W.2d 161 (1997); *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997). Summary judgment is also appropriate when, as in this case, the trial court finds that the allegations, taken as true, fail to state a cause of action. *See, e.g., O'Mara v. Dykema*, 328 Ark. 310, 942 S.W.2d 854 (1997); *Hollomon v. Keadle*, 326 Ark. 168, 931 S.W.2d 413 (1996); *Rainey v. Keadle*, 312 Ark. 460, 850 S.W.2d 839 (1993).

## I. The Employment-At-Will Doctrine

■ For their first challenge to the order of summary judgment, William and Deborah contend that the court erred when it found that their employment agreement was governed by the employment-at-will doctrine. It is well established under Arkansas law that when an employment contract is silent as to its duration, either party may terminate the relationship at will and without cause. *Marine Servs. Unlimited, Inc. v. Rake*, 323 Ark. 757,

918 S.W.2d 132 (1994); *City of Green Forest v. Morse*, 316 Ark. 540, 873 S.W.2d 155 (1994); *Wal-Mart Stores, Inc. v. Baysinger*, 306 Ark. 239, 812 S.W.2d 463 (1991). In *Griffin v. Erickson*, 277 Ark. 433, 642 S.W.2d 308 (1982), we distinguished that a "'contract at will' . . . may be terminated by either party, whereas a contract for a definite term may not be terminated before the end of the term, except for cause or by mutual agreement, unless the right to do so is reserved in the contract." Although we have recognized several exceptions to the at-will doctrine, none are applicable to the facts at hand. *See Sterling Drug, Inc. v. Oxford*, 294 Ark. 239, 743 S.W.2d 380 (1988); *Gladden v. Arkansas Children's Hosp.*, 292 Ark. 130, 728 S.W.2d 501 (1987).

In this case, it is undisputed that the parties did not reach an agreement as to the duration of their employment. Accordingly, we hold that the trial court correctly ruled that, pursuant to the employment-at-will doctrine, Myrldehne and the Cottrell Corporation were free to terminate William and Deborah at any time and without cause.

In reply, William and Deborah ask us to read a reasonable duration into the employment agreement pursuant to Section 204 of the Restatement of Contracts, which provides that:

> When the parties to a bargain sufficiently defined to be a contract have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.

*Restatement (Second) of Contracts* § 204 (1981). We refuse to adopt this Restatement provision in employment cases as it would completely abrogate the employment-at-will doctrine, which, as explained above, is firmly rooted in Arkansas jurisprudence.

## II. Good Faith and Fair Dealing

Next, William and Deborah contend that Myrldehne's actions constituted a breach of the implied covenant of good faith and fair dealing. William and Deborah did not make this argument before the trial court, and thus they are precluded from raising it for the first time on appeal. *Wilson v. Rebsamen Ins., Inc.*, 330 Ark. 687, 957 S.W.2d 678 (1997); *Slaton v. Slaton*, 330 Ark.

287, 956 S.W.2d 150 (1997); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997).

### III. Motion for Costs

█ Myrldehne and the Cottrell Corporation have prepared a supplemental abstract and request $625 in fees and expenses. We agree that William and Deborah's abstract was flagrantly deficient, and that the supplemental abstract was appropriate pursuant to Ark. Sup. Ct. R. 4-2(b)(2). *See also Miller v. Nix*, 315 Ark. 569, 868 S.W.2d 498 (1994); *Rhodes v. State*, 276 Ark. 203, 634 S.W.2d 107 (1982); *Roach v. Terry*, 263 Ark. 774, 567 S.W.2d 286 (1978). Accordingly, we award Myrldehne and the Cottrell Corporation $500 in fees and expenses.

Affirmed.