# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 17-1604

———————————————

Aldridge Winfrey

*Plaintiff - Appellant*

v.

City of Forrest City, Arkansas; E.P. Reynolds, In his official and individual capacities as police or law enforcement officer of the City of Forrest City, Arkansas; Deon Lee, In his official and individual capacities as police or law enforcement officer of the City of Forrest City, Arkansas; Eric McCoy, In his official and individual capacities as police or law enforcement officer of the City of Forrest City, Arkansas

*Defendants - Appellees*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

——————————

Submitted: January 9, 2018
Filed: February 16, 2018

——————————

Before GRUENDER, MELLOY, and SHEPHERD, Circuit Judges.

——————————

SHEPHERD, Circuit Judge.

It is well-settled that the "plaintiff is the master of [his] complaint." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (internal

quotation marks omitted). Here, plaintiff Aldridge Winfrey charges in his complaint that he was terminated by the Forrest City, Arkansas Police Department ("Department") as "retaliat[ion] . . . for exercising his rights . . . regarding the Plaintiff and other police officers being underpaid by the [Department]." The district court[1] dismissed this claim as plainly insufficient under Title VII of the Civil Rights Act of 1964. It also dismissed related state-law contract and promissory estoppel claims. Winfrey now appeals, arguing that evidence he introduced at summary judgment shifts the focus of his complaint and that his state-law contract claim should not have been dismissed.[2] Exercising de novo review, Odom v. Kaizer, 864 F.3d 920, 921 (8th Cir. 2017), we reject his arguments and affirm the district court.

Winfrey's complaint alleges his dismissal was retaliatory. Under Title VII—which Winfrey admits controls his claim—Winfrey's retaliation claim, on its face, is outside the bounds of the statute: Winfrey has not pled he engaged in "protected conduct." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc) (holding "a prima facie case of retaliation" is made only when the plaintiff shows "he engaged in protected conduct"). Title VII's antiretaliation section protects either "1) opposing any discrimination made unlawful by Title VII or 2) making a charge or participating in any manner in an investigation or proceeding under Title VII." Bogren v. Minnesota, 236 F.3d 399, 407-08 (8th Cir. 2000). Title VII prohibits, broadly speaking, "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." Univ. of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2522 (2013).

---

[1]The Honorable D.P. Marshall Jr., United States District Judge for the Eastern District of Arkansas.

[2]Winfrey does not appeal the district court's dismissal of his promissory estoppel claim.

Protesting application of unfair treatment unmoored from the distinct classes Title VII protects—as Winfrey has said, both in his complaint and at his deposition, he was doing—is not a basis for a Title VII retaliation claim.[3] Thus, in Bogren, we found that where a female police officer accused a police department of intimidating cadets, but "she explained that the intimidation was directed at both male and female cadets," this was "unprotected by Title VII" because the police department did not engage in "discrimination made unlawful by Title VII." 263 F.3d at 408.

In an affidavit that was submitted at the summary judgment stage, Winfrey attempts to inject a new angle to his complaint, claiming that his dismissal was race-based. This, however, is a distinct claim from a Title VII retaliation claim. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 56 (2006) (emphasizing Title VII "antiretaliation provision" is separate from "employment discrimination" provision). We agree with the district court that "[i]ts too late" to bring a separate employment discrimination claim in this action. Nothing in Winfrey's complaint or his deposition testimony indicated that he was pursuing a Title VII claim encompassing race-based discrimination. Submitting a new claim via an affidavit at the summary judgment stage is an "attempted surprise" which the Federal Rules of Civil Procedure are designed to prevent. See Swierkiewicz v. Sorema N. A., 534 U.S. 506, 513 (2002) (internal quotation marks omitted). As we have said previously, "[w]hile we recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which are not pled, late into the litigation." Falco v. Farmers Ins. Grp., 795 F.3d 864, 868 n.4 (8th Cir. 2015) (internal quotation marks omitted). We affirm the district court's dismissal

---

[3]At his deposition, when asked to explain "in [his] own words why [he] filed this lawsuit," Winfrey stated "I believe I was retaliated against for standing up against the city and the mayor." In his mind, "standing up" meant that he was "represent[ing] individuals that was in, that was having the issue of getting their money." As the district court noted, Winfrey never stated in his deposition that "race or gender discrimination motivated his dispute with Forrest City about pay."

of Winfrey's Title VII retaliation claim and its rejection of his untimely Title VII discrimination claim.

Winfrey also argues the district court erred in dismissing his contract claim. He concedes that he was an "at-will employee," meaning, under Arkansas law, he could be terminated at any time. See Cottrell v. Cottrell, 965 S.W.2d 129, 130 (Ark. 1998). He contends, though, that there is a "public policy exception" in this case. See Sterling Drug, Inc. v. Oxford, S.W.2d 380, 385 (Ark. 1988) (recognizing "public policy exception"). In his view, Arkansas law is committed to "progressive discipline," which means that his dismissal contravened Arkansas public policy. But, the one case he cites from the Arkansas Court of Appeals, McAteer v. Director, Department of Workforce Services, spoke about "progressive discipline" solely in the narrow area of eligibility for unemployment benefits. 481 S.W.3d 776, 779 (Ark. Ct. App. 2016). The strain of public policy Winfrey seeks to invoke is simply inapposite to the facts here. Thus, the district court was correct in dismissing his contract claim as well.

For the foregoing reasons, we affirm the district court in full.

_____