# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-4172

_____

Kathy Roberts; Karen McShane

*Plaintiffs - Appellants*

v.

Unimin Corporation

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Batesville

_____

Submitted: December 12, 2017
Filed: February 28, 2018

_____

Before SMITH, Chief Judge, ARNOLD and KELLY, Circuit Judges.

_____

ARNOLD, Circuit Judge.

For the past century, the Williamson family has leased out a plot of Arkansas land for silica mining. The current lease, signed in 1961, provides for a term of years until 2007 and continuing "as long thereafter as" certain activities occur on the property. In 2015, Kathy Roberts and Karen McShane (both née Williamson), the present lessors, sought a declaratory judgment against Unimin Corporation, the

present lessee, that the lease created a tenancy at will. The lessors claimed further that the lease was unconscionable and that Unimin had unjustly enriched itself by refusing to vacate the land when they demanded possession. After the close of discovery, the lessors dismissed their unconscionability claim with prejudice. The district court[1] granted summary judgment to Unimin on the remaining claims, ruling that the lease had created a determinable leasehold, not a tenancy at will, and so Unimin did not unjustly enrich itself by staying in possession. The lessors appeal from that judgment, and we affirm.

We review the district court's grant of summary judgment de novo, keeping in mind that summary judgment is appropriate if there is no genuine dispute of material fact and, viewing the record in a light most favorable to the lessors, Unimin is entitled to judgment as a matter of law. *See Smith v. Arrington Oil & Gas, Inc.*, 664 F.3d 1208, 1212 (8th Cir. 2012). We also review the district court's construction of the lease and its interpretation of state law de novo. *Id.* The parties to this diversity action agree that Arkansas law governs. *See id*.

On appeal, the lessors challenge only the district court's ruling that the lease created a determinable leasehold and not a tenancy at will. The lease provides that the leasehold will endure as long as "siliceous materials" are "shipped" from the lessee's mill and at least one of the following activities also takes place on the land: "mining," "mining operations," or "transport[ing]" siliceous materials. The lessors contend that the term of the lease is indefinite and thus terminable at will since it may never end of its own accord: Unimin could, in theory, ship siliceous materials from its mill and conduct mining operations on the land forever. No one disputes that the lease did not create a perpetual leasehold. *See Pults v. City of Springdale*, 745 S.W.2d 144, 146–47 (Ark. Ct. App. 1988). But if the lease is not perpetual and lacks a predetermined end

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

date, the lessors reason, then it must have created a mere tenancy at will. The difficulty with that logic, as the district court pointed out, is that it misconstrues the type of indefiniteness that creates a tenancy at will, while ignoring an entire category of property interests under Arkansas law—determinable estates.

Arkansas law is clear that a tenancy at will exists when a lease "is silent as to its duration," *see Cottrell v. Cottrell*, 965 S.W.2d 129, 130 (Ark. 1998), or does not otherwise grant land to the lessee "for any definite time." *See Ritter v. Thompson*, 144 S.W. 910, 911 (Ark. 1912). The lease at issue here, by contrast, leases the property for as long as certain activities occur on it. By specifying that the lessee may stay in possession until those activities cease, the lease created a determinable estate, not a tenancy at will. *See Rostell v. Ark. & Ozarks Ry. Corp.*, 323 S.W.2d 539, 541 (Ark. 1959); *Houston v. First Baptist Church*, 242 S.W.2d 966, 967 (Ark. 1951). Under Arkansas law, a determinable leasehold is a property "interest which may continue forever, but . . . is liable to determine by some act or event circumscribing its continuance or extent." *See Moody v. Walker*, 3 Ark. 147, 190 (Ark. 1840). Since it has "a definite term," it is not subject to cancellation at the lessor's will. *Flinn v. Cullins*, 220 S.W. 449, 449–50 (Ark. 1920); *see also Cottrell*, 965 S.W.2d at 130; *Bodcaw Oil Co. v. Atl. Ref. Co.*, 228 S.W.2d 626, 632, 635 (Ark. 1950).

The lessors maintain that they may terminate this leasehold at will because no one knows when or whether it will determine. But the fact that it could last forever if its determining event does not occur is irrelevant. *See Union Cty. v. Union Cty. Fair Ass'n*, 633 S.W.2d 17, 19 (Ark. 1982); *Coffelt v. Decatur Sch. Dist.*, 217 S.W.2d 347, 348 (Ark. 1949) (*Coffelt II*); *Coffelt v. Decatur Sch. Dist.*, 208 S.W.2d 1, 2 (Ark. 1948). It is characteristic of all determinable estates that "the reverter may not take place for an indefinite period in the future," if at all. *See Fletcher v. Ferrill*, 227 S.W.2d 448, 451 (Ark. 1950). Uncertainty over when or whether the estate will determine does not deprive its term of definiteness, nor covert it into a tenancy at will as long as the term is "capable of being made certain." *See Flinn*, 220 S.W. at 450. As

we already noted, the lease provides that it will expire when "siliceous materials" are no longer "shipped" from the lessee's mill or when "mining," "mining operations," and "transport[ing]" siliceous materials no longer occur on the land.

The lessors maintain nonetheless that the leasehold here is not determinable since some of its determining events are so vague that no one could ascertain if they had occurred. The lessors argue that the term "mining operations" encompasses so many activities—like stockpiling siliceous materials and maintaining a right-of-way—that it may be impossible to tell when they cease. But Arkansas courts have long enforced leases that provide they will remain in effect for as long as mining or drilling "operations" persist, without the slightest indication that the term was problematically vague. *See, e.g., Gray v. Cameron*, 234 S.W.2d 769, 770 (Ark. 1950); *Winn v. Collins*, 183 S.W.2d 593, 596–99 (Ark. 1944); *cf. Graham v. Jonesboro, Lake City & E. R.R. Co.*, 164 S.W. 729, 731 (Ark. 1914). Leases that provide "the lessee may continue holding the lease until operations cease" have become the dominant type of lease used in the nation's mining industry, *see* 4 American Law of Mining § 131.05(2) (2d ed. 2017), and the lessors do not direct us to a single Arkansas case holding that the term was vague. We detect nothing unique about the use of the term "mining operations" in this case, *cf. Snowden v. JRE Invs., Inc.*, 370 S.W.3d 215, 217 (Ark. 2010), and therefore conclude that it is not vague.

The lessors question, moreover, how someone can tell whether transporting siliceous materials across the property has ceased or was only in a lull. In construing determinable estates, however, courts must routinely decide whether and when a party has abandoned the purpose for which the land has been granted. *See Coffelt II*, 217 S.W.2d at 348. We do not see any vagueness here, either.

The lessors maintain as well that the term "mining operations" is ambiguous, but they do not develop the argument. Their overriding concern seems to be that they may find it difficult to tell whether operations are still ongoing and that Unimin might

take advantage of the term's breadth by asserting that operations are ongoing when they in fact are not. That simply means, however, that the proper scope of the term is subject to conflicting interpretations, which is true in every instance where parties do not see eye to eye: It does not necessarily mean the term is vague or ambiguous. *See Elam v. First Unum Life Ins. Co.*, 57 S.W.3d 165, 169–70 (Ark. 2001); *Garner v. XTO Energy, Inc.*, 2011 Ark. App. 606, at *1–2 (Ark. Ct. App. 2011); *see generally Schnuck Mkts., Inc. v. First Data Merch. Servs. Corp.*, 852 F.3d 732, 738 (8th Cir. 2017). The lessors find it significant that Unimin's corporate representative was either unwilling or unable to devise a comprehensive list of all the activities that might qualify as "operations." But it is a well-known truth about language that the meaning of a term may be certain and clear when applied to a concrete situation, yet "resist precise definition" in the abstract. *See United States v. Strohm*, 671 F.3d 1173, 1180 (10th Cir. 2011). So we see no reason to hold that the challenged determining events are fatally ambiguous.

In addition to their possibility of reverter on the determination of the leasehold, the lessors have a separate right of reentry if Unimin does not timely and properly pay them royalties, ceases to operate its mill and ship siliceous materials for twelve consecutive months (unless one of four specified events has prevented Unimin from such activities), or violates any other obligation it has under the lease's "terms, conditions or covenants." We express no view, however, on the meaning and effect of that provision since the lessors do not argue that it supports their claim that the lease created a tenancy at will, and Unimin does not ask us to construe the leasehold's determining events in light of it.

Affirmed.

_____