Ricky Louis HARRIS *v.* STATE of Arkansas

CA CR 80-39                                          606 S.W. 2d 93
Court of Appeals of Arkansas
Opinion delivered October 8, 1980

*Robert S. Blatt*, for appellant.

*Steve Clark*, Atty. Gen., by: *Alice Ann Burns*, Asst. Atty. Gen., for appellee.

STEELE HAYS, Judge. In November of 1978, defendant was charged with theft of property, a Class B Felony. In March, 1979, the defendant waived jury trial and entered a plea of *nolo contendere*. Following the provisions of Ark. Stat. § 43-1232, the trial court deferred all further proceedings and placed the defendant on probation for one year.

In September, the State filed a petition to revoke defendant's probation alleging that defendant possessed marijuana with intent to deliver in violation of Act 590. A hearing was held on the Petition to Revoke, at the end of which the trial court found that the defendant had violated the conditions of probation and found him guilty of theft of property. The defendant was sentenced to four years in the Arkansas Department of Corrections.

Subsequently, defendant filed a motion to reduce sentence, which was denied by the trial court. From the judgment below, appellant brings this appeal.

Appellant's first point is that the trial court's finding that defendant had violated his probation is against the preponderance of the evidence. Appellant argues that although marijuana was found in his apartment pursuant to a search made by officers under a warrant, there was no evidence to link the defendant to the controlled substance. Appellant cites *Ravellette* v. *State*, 264 Ark. 344, 571 S.W. 2d 433 (1978) and other cases for this point. In *Ravellette*, appellant and a co-defendant were jointly charged with possession of marijuana with intent to deliver. They were both found guilty. On appeal, appellant contended that he had no knowledge of the marijuana in his apartment and there was no evidence linking him to the drug. The Arkansas Supreme Court held that where marijuana was found in a living room and dining room of a rent house jointly shared, there must be some factor in addition to the joint control of the premises to link the accused with the controlled sub-

stance. The State argued that since ziploc bags were found in appellant's room similar to the ones which held the marijuana that this provided a sufficient link. The Arkansas Supreme Court disagreed and reversed the case.

The State argues that *Ravellette* v. *State* is inapplicable to this case because the issue in *Ravellette* involved guilt or innocence of a criminal offense which requires a finding of guilt beyond a reasonable doubt. We agree with the argument. Only a clear preponderance of the evidence must be established to justify the revocation of probation. *Pearson* v. *State*, 262 Ark. 513, 558 S.W. 2d 149 (1977).

In the instant case, marijuana was found in two places in the apartment where appellant lived: four plastic bags were found on top of the refrigerator and one plastic bag was found under the couch. According to the written conditions of appellant's probation, he was warned to do and not to do certain things, including:

(1) Not to violate any law;

(2) Not to associate with persons who have criminal recores, or who are known as bad characters;

(3) To stay out of beer joints or other places or parts of town where the wrong kind of people may be found.

Pursuant to Ark. Stat. Ann. § 41-1209(3)(b)(Repl. 1977), the trial court may permit the introduction of *any relevant evidence* of the alleged violation of the terms of probation. The evidence adduced at trial may not have been sufficient to convict one charged with possession of a controlled substance, but it was sufficient for the trial judge to determine that appellant had violated the terms of his probation. Appellant has failed to show that the decision was against a preponderance of the evidence.

Appellant's second point is that the trial court erred in overruling appellant's motion to suppress the evidence of marijuana. He argues that:

(1) The State has the burden of introducing the written affidavit and search warrant into evidence at the hearing which the State failed to do; [See *Schneider* v. *State*, 269 Ark. 245 599 S.W. 2d 730 (1980).]

(2) The affidavit in support of the search warrant was insufficient under *Aguilar* v. *Texas*, 378 U.S. 108 (1964);

(3) There was no factual basis to justify a nighttime search;

(4) The exclusionary rule should apply in probation revocation hearings.

We note that the Supreme Court of Arkansas in *Schneider* v. *State, supra,* has shown an inclination not to give the exclusionary rule full impact in these proceedings:

> It is true that the United States Supreme Court has not held the exclusionary rule to be applicable to probation revocation proceedings. The state also correctly points out that the court has shown a disinclination to extend the impact of the exclusionary rule. See, e.g., *Stone* v. *Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976); *United States* v. *Janis*, 428 U.S. 433, 96 S. Ct. 3021, 49 L. Ed. 2d 1046 (1976); *United States* v. *Calandra*, 414 U.S. 338, 94 S. Ct. 613, 38 L. Ed. 2d 561 (1974). The great majority of jurisdictions that have considered the question have taken the view that evidence obtained as the result of an unreasonable search and seizure is admissible in a probation revocation hearing. See Annot. 77 ALR 3d 636, 30 ALR Fed. 824. The refusal to apply the rule in cases where the search was conducted in a good-faith reliance upon a warrant later proven defective has some appeal as an accommodation of the societal interest in requiring strict compliance with conditions of probation with the deterrence of illegal police action. We have previously indicated that the exclusionary rule might not have full impact in these proceedings. *Smith* v. *State*, 241 Ark. 958, 411 S.W. 2d 510.

Neither the Supreme Court of the United States nor the Supreme Court of Arkansas has extended the rule of *Mapp* v. *Ohio* to revocation hearings, notwithstanding numerous invitations to do so. We are not disposed to take that step for them, particularly in the light of some outcry for a reexamination of the exclusion rule. As a contribution to clarity, which the dissenting opinion pleads for in the case of *Schneider* v. *State, supra*, we adopt the rule which we consider to be consistent whith Ark. Stat. Ann. § 41-1209(3)(b) (Repl. 1977) and with the holding in *Morrissey* v. *Brewer*, 408 U.S. 471 (1972), that the trial court may permit the introduction of any relevant evidence of an alleged violation of the conditions of probation, including evidence that might be subject to a motion to suppress under the doctrine of *Mapp* v. *Ohio*, at least where there has been a good-faith effort to comply with the law. This is the rule of the great majority of jurisdictions. 77 ALR 3d 636. *People* v. *Rafter*, 41 Cal. App. 3d 557 (Cal. 1974); *State* v. *Keebee*, 499 Pac. 2d 49 (Wash. 1972). See also, *Morrissey* v. *Brewer, supra*, wherein the United States Supreme Court held that the process in revocation proceedings should be flexible enough to consider evidence that would not be admissible in an adversary criminal trial.

Appellant's third point for reversal is that the trial court erred in denying appellant's motion to reduce the sentence, citing *Culpepper* v. *State*, 268 Ark. 263, 595 S.W. 2d 220 (1980). Appellant argues that under the rule established by the *Culpepper* decision he should have been advised in writing that he was subject to imprisonment for more than one year if he violated the conditions of probation.

It is true that the written conditions of probation given the appellant at the hearing did not contain an express warning regarding the possibility of a larger sentence, although paragraph 6 touches on the subject:

> You are to understand that until you have appeared before this court and have been officially released that you are under control of this court. If you fail to appear as scheduled, or if at any time you are found to have violated any of the conditions of your probation, the court may then reopen the proceedings, find you guilty

as charged, and issue an order to have you picked up and returned for sentencing

It is clear that in the initial proceedings the trial court was following the procedures contemplated by Ark. Stat. Ann. Section 43-1232:

Probation of defendant —•Discretion of judge in use of procedure. — Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge of the circuit or minicipal court (criminal or traffic division) may in the case of a defendant who has not been previously convicted of a felony, without entering a judgment of guilt and with the consent of the defendant, defer further proceeding and place the defendant on probation for a period of not less than one (1) year, under such terms and conditions as may be set by the court. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided.

Nothing in this section requires that the defendant be informed in writing that he is subject to a sentence greater than the probationary period imposed. As a matter of good practice we think it would be well for the written conditions to contain an express proviso to that effect, but it is not our place to legislate. We note that at the initial hearing the trial court did give plain verbal instructions to the defendant of the possible consequences if he got into trouble:

THE COURT: Do you know that it doesn't take very much trouble for you to get into for you to be sent to the penitentiary?

MR HARRIS: Yes.

THE COURT: On this charge, you could go for twenty (20) years if you get in trouble. Did you know that?

MR HARRIS: (Nods head in affirmative).

Returning to appellant's argument that *Culpepper* inter-

prets Ark. Stat. Ann. Section 41-1203(4)(Repl. 1977) as requiring that the possibility of an increased sentence be in writing, we take a different view of the *Culpepper* decision. It is apparent that the statute itself does not make such requirement:

> If the court suspends the imposition of sentence on a defendant or places him on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he is being released.

Nor does *Culpepper* read such requirement into the statute. The pertinent language of the *Culpepper* decision reads:

> We agree with appellant that he is entitled to know the effect of his sentence. This is clearly the spirit of the Code which now requires in Ark. Stat. Ann. Section 41-1203(4)(Repl. 1977) that the defendant be given a written statement explicitly setting forth the terms of the suspension of imposition of sentence or probation; and whereas trial courts have typically used the phrase "on good behavior" in the past, Section 41-1203(1) requires as an express condition of every suspension or probation that the defendant "not commit an offense punishable by imprisonment during the period of suspension or probation."

We do not construe the foregoing language as holding that the written statement setting forth in the terms of a suspended sentence or a probation must include a provision warning that a larger sentence might be imposed. The error of the trial court which *Culpepper* reversed was *not* the absence of a written provision on sentencing but, rather, because the Supreme Court determined that the trial court had not postponed the *imposition* of sentence, but merely the *execution* of sentence, and could not, therefore, enlarge it beyond the sentence originally imposed. The opinion states:

> There is a substantial difference between advising a defendant that he is sentenced to 5 years suspended subject to certain behavioral requirements and in advising a

defendant that the imposition of sentence will be suspended or postponed for 5 years conditioned on the same behavioral requirements. If the appellant had been sentenced in compliance with Section 41-803 by the suspension of the *imposition* of sentence, rather than by the suspension of the *execution* of sentence, the trial court could have sentenced him to 15 years imprisonment upon revocation of the suspension, . . .

As was said, it would be commendable practice to include written provisions regarding sentencing in the written conditions now being supplied in compliance with Section 41-1203(4), but we do not consider it our duty to amend an act of the legislature where the language is not unclear.

Affirmed.