Dale Gene BRYANT *v.* A. L. LOCKHART, Director, Arkansas Department of Correction

CR 85-170                                                    705 S.W.2d 9

Supreme Court of Arkansas
Opinion delivered March 3, 1986

Appellant, *pro se.*

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. This appeal comes to us on a *pro se* brief by the appellant. No abstract of the record was presented by the appellant, or by the Arkansas Attorney General on behalf of the appellee.

From the appellant's statement of the facts, the appellee's brief, and mostly from the record, we are able to glean that the appellant asked the Jefferson County Circuit Court to order A. L. Lockhart, Director of the Arkansas Department of Correction, to

change prison records to show the appellant is serving a five-year, rather than ten-year, sentence. The appellant's complaint seems to be that the Conway County Circuit Court entered judgments and commitment orders on some counts of possession of marijuana with intent to deliver after the case had been appealed to and affirmed by the Arkansas Court of Appeals. Apparently a jury verdict recommended sentences ranging from five to ten years on a number of counts but, through oversight, the judge only entered one commitment order for five years. The court of appeals, assuming incorrectly that the trial court had committed the appellant to a concurrent five-year sentence on each count, affirmed the judgment. Thereafter, the judge entered the other commitment orders, on the other counts of which the appellant had been found guilty by the jury. One of the orders was for a ten-year sentence. All of them were to run concurrently. The appellee argues the trial court was only correcting a clerical error. The appellant argues the trial judge was performing a judicial act in a case of which he lost jurisdiction when it went on appeal.

█ We hold *pro se* litigants to the abstracting requirement of Rule 9 of the Rules of the Arkansas Supreme Court and Court of Appeals. *Walker* v. *State*, 283 Ark. 339, 676 S.W.2d 460 (1984). While we are more lenient to *pro se* appellants, *Weston* v. *State*, 265 Ark. 58, 576 S.W.2d 705 (1979), we will not entertain an appeal which completely ignores the requirement. This court consists of seven justices. There is only one record. We cannot continue to operate efficiently if each justice must look at the record to ascertain the facts. G. Smith, *Arkansas Appellate Practice: Abstracting the Record*, 31 Ark. L. Rev. 359 (1977). We must, therefore, adhere to the abstracting requirement.

Affirmed.

PURTLE, J., not participating.