Joseph McGHEE *v.* STATE of Arkansas

CA CR 87-232                                    752 S.W.2d 303

Court of Appeals of Arkansas
Division I
Opinion delivered July 6, 1988

*Bramblett & Pratt*, by: *James M. Pratt, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *C. Kent Jolliff*, Asst. Att'y Gen., for appellee.

JOHN E. JENNINGS, Judge. Appellant, Joseph McGhee, pled guilty, in August of 1986, to theft by receiving and was placed on five years probation. Two of the conditions of his probation were that he was not to commit any further crime and not to possess firearms.

On September 30, 1987, the Ouachita County Sheriff's Department obtained a search warrant from a municipal judge based on information it had received that appellant was in possession of stolen VCR's, T.V.'s, video cameras and video tapes. The subsequent search of appellant's home turned up no stolen property, but the officers did find a small quantity of

cocaine and two firearms, one of which was a sawed-off shotgun. Appellant was arrested and charged with possession of cocaine and being a felon in possession of a firearm. The State also filed a petition to revoke his probation.

A pre-trial suppression hearing was held. The circuit judge ruled that the warrant was invalid and that the evidence obtained as a result of the search was inadmissible in the primary criminal proceedings against the appellant. The court also ruled, however, that the evidence would be admissible in the revocation proceeding. After a hearing on the petition to revoke, appellant's probation was revoked and he was sentenced to six years imprisonment. His sole argument on appeal is that the court erred in refusing to exclude the evidence obtained in the search in the revocation proceeding. We disagree and affirm.

■ The trial court was obliged to exclude the evidence obtained as a result of the unlawful search in the substantive criminal proceedings against appellant under *Mapp* v. *Ohio*, 367 U.S. 643 (1971). While it is true that probationers have certain rights under the due process clause of the fourteenth amendment, it is equally clear that those rights are not nearly so extensive as those guaranteed to a defendant in a substantive criminal proceeding. *Morrissey* v. *Brewer*, 408 U.S. 471 (1972).

■ The courts of this state have uniformly refused to extend the exclusionary rule to probation revocation proceedings. *Dabney* v. *State*, 278 Ark. 375, 646 S.W.2d 4 (1983); *Schneider* v. *State*, 269 Ark. 245, 599 S.W.2d 730 (1980); *Carson* v. *State*, 21 Ark. App. 249, 731 S.W.2d 237 (1987); *Harris* v. *State*, 270 Ark. 634, 606 S.W.2d 93 (Ark. App. 1980). As the supreme court said in *Schneider*, this is the view of the great majority of jurisdictions.

The United States Court of Appeals for the Third Circuit considered the issue in *United States* v. *Bazzano*, 712 F.2d 826 (3rd Cir. 1983). The court noted that of the seven federal courts of appeal that had considered the question whether the exclusionary rule is applicable to probation revocation proceedings, all but the Fourth Circuit had concluded that it is not. The Court explained its reason for adopting the majority rule:

In our view, excluding from such proceedings reliable

evidence bearing on a probationer's rehabilitation would contribute little to deterring constitutional violations while impeding society's interest in protecting itself against convicted criminals who have abused the liberty afforded them.

The Arkansas Supreme Court has reasoned similarly. "It has been observed that in such a situation the exclusion of illegally obtained evidence from a prosecution of the new offense should ordinarily be a sufficient deterrent to unlawful police activity." *Dabney* v. *State,* 278 Ark. at 377, 646 S.W.2d at 5.

It is true that the Arkansas Supreme Court, as well as this court, has suggested, by way of dicta, that there may be exceptions to the general rule that the exclusionary rule is inapplicable in probation revocation proceedings. In *Harris,* we said that the exclusionary rule would be inapplicable in revocation proceedings "at least where there has been a good-faith effort to comply with the law." 270 Ark. at 638, 606 S.W.2d at 95. In *Dabney, supra,* the court suggested that the exclusionary rule might be applicable if it appeared that the officers' primary purpose was to seek revocation of the defendant's probation. Other courts have suggested the possibility of a similar exception. *See e.g., Bazzano,* 212 F.2d at 832. Other suggested possible exceptions to the general principle that the exclusionary rule is inapplicable in probation revocation proceedings include cases involving harassment by the police, *United States* v. *Farmer,* 512 F.2d 160 (6th Cir. 1975), and official misconduct which shocks the conscience of the court. *People* v. *Williams,* 186 Colo. 72, 525 P.2d 463 (1974).

■ During the course of the search the cocaine was found by an officer in a Crown Royal bag. Appellant argues that because the bag was not large enough to hold any of the items sought in the search, the scope of the invalid warrant was exceeded, and that this establishes bad faith so as to warrant the application of the exclusionary rule. It is not at all clear that the scope of the warrant was exceeded, but even if it was we do not think this asserted misconduct, in the absence of some indication that it was the purpose of the police to obtain the revocation of appellant's probation, would require the application of the exclusionary rule.

■ Finally, appellant contends that the State has the burden of proving "good-faith" or else the exclusionary rule will apply. That is true in a prosecution for a new criminal offense in which the exclusionary rule is ordinarily applicable and the good-faith exception established in *United States* v. *Leon,* 468 U.S. 897 (1984), is claimed to apply. In a probation revocation proceeding, however, the situation is just the opposite, i.e., the exclusionary rule will not apply unless the probationer demonstrates some exception. In *Harris* v. *State, supra*, the probationer argued that the State had the burden of introducing into evidence the written affidavit and search warrant. We rejected this contention.

We hold that the trial court did not err in declining to apply the exclusionary rule under the facts of this probation revocation proceeding.

Affirmed.

COOPER and MAYFIELD, JJ., agree.