Charles E. PENNINGTON *v.* A.L. LOCKHART, Director,
Arkansas Department of Correction

88-227                                                    763 S.W.2d 78

Supreme Court of Arkansas
Opinion delivered January 17, 1989

*Appellant,* pro se.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen.,
for appellee.

TOM GLAZE, Justice. Appellant brings this pro se appeal
from the trial court's denial of appellant's petition for declaratory
judgment requesting that his parole eligibility be correctly
determined.[1] He has failed to abstract any of the record. In
addition, the three courts' sentencing orders needed to determine
parole eligibility are omitted from the transcript.

We hold pro se litigants to the abstracting require-
ment of Rule 9 of the Rules of the Arkansas Supreme Court and
Court of Appeals. *Bryant* v. *Lockhart,* 288 Ark. 302, 705 S.W.2d
9 (1986); *Walker* v. *State,* 283 Ark. 339, 676 S.W.2d 460 (1984).
In the present case, appellant not only wholly ignored this court's
abstracting requirement, but also he failed to privilege us with a

---

[1] In an earlier appeal, this court denied post-conviction relief to appellant. *Pen-
nington* v. *State,* 294 Ark. 185, 741 S.W.2d 266 (1987).

record that contains the court orders necessary to determine the parole eligibility issue the appellant raises in this appeal. Accordingly, we are required to affirm pursuant to Ark. Sup. Ct. R. 9(e)(2).