Anthony Lawayne ROBINSON *v.* STATE of Arkansas

CA CR 89-69                                    775 S.W.2d 916

Court of Appeals of Arkansas
Division II
Opinion delivered September 13, 1989

*Meadows, Davis & Goldie*, by: *James E. Goldie*, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. On March 11, 1988, the appellant pled guilty to the offense of making and uttering a hot check. Imposition of sentence was suspended for three years conditioned upon the appellant paying a probation fee, making restitution

18

payments in the amount of $50.00 per month, and refraining from violating the law. The appellant's sentence was imposed on August 26, 1988, after he was found by the trial court to have been in possession of stolen property, marijuana, and a shotgun. The trial court also found that the appellant had failed to make the ordered restitution payments. He was sentenced to six years in the Arkansas Department of Correction with three years suspended. On appeal, the appellant argues that the contraband was found in his car after the police stopped him without probable cause and the evidence of the contraband should have been suppressed. We affirm.

Roy Choate, the appellant's probation officer, testified that the appellant had not made any payments during the four months between the guilty plea and the revocation hearing. When the victims began to complain he filed a petition, and stated that, although at that time he was not going to request imprisonment of the appellant, he felt the court should be informed and a hearing was held. On June 17 Mr. Choate discovered that the appellant had failed to appear in municipal court on a charge that he had been driving on a suspended driver's license. A bench warrant was issued for the appellant's arrest.

Bucky Thomas, a patrolman for the Harrison Police Department, had received information from Glenn Redding, a Harrison Police Lieutenant, that a warrant had been issued for the appellant's arrest. Redding also described the appellant's car and the license number. On July 16, 1988, Thomas was on patrol and had stopped another car when he noticed a car matching the description of the appellant's car. He flagged the appellant's car over, identified the driver as being the appellant and placed him under arrest. An inventory of the car revealed a Motorola radio, a plastic bag containing coins, a 12-gauge shotgun that appeared to have part of the barrel sawed off, a motorcycle helmet that had the strap cut, and a white bag of vegetable matter which Thomas believed to be marijuana. The radio was subsequently discovered to have been stolen from a county truck.

The appellant argues that the stop of his car was without probable cause because Thomas admitted that there were other cars which matched the description of the appellant's car in the area and, at the time of the stop, Thomas did not have reasonable

cause to believe that it was the appellant's car. He also argues that, because the stop was without reasonable cause, the evidence seized during the inventory should have been suppressed. We disagree.

First, the trial court had the authority to revoke the appellant's suspended sentence on a finding that the appellant had not made the required restitution payments. When considering revocation for failure to pay restitution, the court must consider whether the failure was willful or due to inability to pay. *Felix* v. *State*, 20 Ark. App. 44, 723 S.W.2d 839 (1987). During the four month suspended imposition of sentence period the appellant was employed for almost two and one-half months and he purchased a car..The appellant testified and did not deny that he had failed to pay and he did not testify that he could not pay; he only stated that his brother had attempted to pay for him one time and went to the wrong place. Therefore, the trial court was justified in revoking the appellant's suspended sentence on the failure to pay alone.

Second, it has long been the law in this state that the exclusionary rule does not apply in revocation hearings. *Dabney* v. *State*, 278 Ark. 375, 646 S.W.2d 4 (1983). The appellant, citing *McGhee* v. *State*, 25 Ark. App. 132, 752 S.W.2d 303 (1988), argues that an exception should be made when the arresting officer does not act in good faith. As we stated in *McGhee*:

> It is true that the Arkansas Supreme Court, as well as this Court, has suggested, by way of dicta, that there may be exceptions to the general rule that the exclusionary rule is inapplicable in probation revocation proceedings. In *Harris*, we said that the exclusionary rule would be inapplicable in revocation proceedings "at least where there has been a good-faith effort to comply with the law." 270 Ark. at 638, 606 S.W.2d at 95. In *Dabney, supra*, the court suggested that the exclusionary rule might be applicable if it appeared that the officers' primary purpose was to seek revocation of the defendant's probation. Other courts have suggested the possibility of a similar exception. *See e.g., Bazzano*, 212 F.2d at 832. Other suggested possible exceptions to the general principle that the exclusionary

rule is inapplicable in probation revocation proceedings include cases involving harassment by the police, *United States v. Farmer*, 512 F.2d 160 (6th Cir. 1975), and official misconduct which shocks the conscience of the court. *People v. Williams*, 186 Colo. 72, 525 P.2d 463 (1974).

25 Ark. App. at 135. Even if we were to hold that the exclusionary rule is applicable in probation revocation proceedings where the officer has acted in bad faith, this record contains no evidence suggesting bad faith on the part of Officer Thomas. There is no indication that Officer Thomas's primary purpose was to seek revocation. He testified that he was attempting to arrest the appellant on the warrant and he was familiar with the appellant's car because it had previously belonged to someone else he knew. He stated that the car "has a broken lamp to the front and left hand side and broken turn signal." Although the officer admitted that he was not positive when he stopped the car that it was the appellant's car, he denied that he would have stopped all cars matching the general description of the appellant's car. We find no error and affirm the trial court's denial of the motion to suppress.

Affirmed.

MAYFIELD and ROGERS, JJ., agree.