Bobby Joe FRUIT *v.* A.L. LOCKHART, Director,
Arkansas Department of Correction

90-297                                                    802 S.W.2d 930

Supreme Court of Arkansas
Opinion delivered February 4, 1991
[Rehearing denied February 25, 1991.*]

*Appellant*, pro se.

*Ron Fields*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y
Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Bobby Joe Fruit,
was convicted on December 11, 1981, in Crittenden County
Circuit Court of aggravated robbery and second degree assault.
He is presently serving a sentence of twenty-five years in the
Arkansas Department of Correction. On August 22, 1989,
appellant filed a petition for writ of mandamus and declaratory
judgment in Jefferson County Circuit Court. In this petition he
attacked his classification as a fourth offender for purposes of
parole eligibility. He alleged appropriate officials at the Arkansas
Department of Correction, when classifying him under Ark.
Code Ann. § 16-93-603 (1987), improperly considered two prior
Oklahoma incarcerations. Following an evidentiary hearing on
the matter, the court denied appellant's requested relief. Appel-
lant brings this *pro se* appeal from that ruling.

Appellant's abstract consists only of a "Statement" he
submitted as an exhibit at the evidentiary hearing; it is flagrantly
deficient. *Pro se* litigants are held to the abstracting requirement
of Rule 9(e) of the Rules of the Supreme Court. *Pennington* v.
*Lockhart*, 297 Ark. 475, 763 S.W.2d 78 (1989). When an

---

*Brown, J., would grant rehearing.

abstract is flagrantly deficient the judgment must be affirmed for failure to comply with Rule 9(e). *Harrison* v. *State*, 300 Ark. 439, 779 S.W.2d 536 (1989); *Grisso* v. *State*, 297 Ark. 546, 763 S.W.2d 661 (1989).

Affirmed.

BROWN, J., dissents.

ROBERT L. BROWN, Justice, dissenting. Appellant is an inmate in the Arkansas Department of Correction. He originally filed a declaratory judgment action in circuit court to invalidate two prior Oklahoma convictions which are detrimentally affecting his parole eligibility status in Arkansas. Currently, appellant is deemed to be a fourth offender under Arkansas law which requires him to serve his entire sentence. *See* Ark. Code Ann. §§ 16-93-603(4) (1987) and 16-93-604(5) (1987). The two Oklahoma convictions resulted from prosecuting appellant as an adult at age 16 (burglary in the second degree, 1966) and age 17 (firearm possession, 1967) under a certification statute that has since been ruled unconstitutional in that state. *See Lamb* v. *Brown*, 456 F.2d 18 (10th Cir. 1972). The Tenth Circuit then applied the invalidity of the statute retroactively, which, arguably, would have the effect of voiding the two prior convictions. *See Radcliff* v. *Anderson*, 509 F.2d 1093 (10th Cir. 1974), *cert. denied Anderson* v. *Radcliff*, 421 U.S. 939 (1975).

Appellant now appeals the dismissal, but in doing so he has failed to abstract the record or file an appendix with his brief. The majority opinion treats this as an automatic ground for affirming the trial court's decision. That is not my reading of our rules. Rather, the apposite rule states in part:

> If the Court finds the abstract to be flagrantly deficient, or to involve an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree *may* be affirmed for noncompliance with the Rule. If the Court considers that action to be unduly harsh, the *appellant's attorney* may be allowed time to reprint his brief, at his own expense, to conform to Rule 9(d).

Ark. Sup. Ct. R. 9(e)(2). (Emphasis ours.)

Rule 9(e)(2) is discretionary with this court. Moreover, it

contemplates by its terms that if affirmance due to flagrant deficiency is "unduly harsh," the appellant's attorney may be allowed time to correct that deficiency.

The majority's decision is unduly harsh. Additional time to prepare an abstract or file an appendix should be afforded the appellant, especially when he is appearing without the benefit of an attorney.

It appears from reading the record that a federal district court in Oklahoma denied appellant relief in 1988 on the basis that the court lacked jurisdiction over appellant because he was an inmate in the Arkansas Department of Correction. Now an Arkansas trial court has denied appellant relief on the theory that an Arkansas court has no authority to invalidate Oklahoma convictions. That conclusion at least appears open to debate. *See Craig* v. *Beto*, 458 F.2d 1131 (5th Cir. 1972) (jurisdiction lies in the custodial state when the inmate attacks another state's conviction); *Noll* v. *Nebraska*, 537 F.2d 967 (8th Cir. 1976) (jurisdiction does not lie in the state of a prior conviction when the inmate is now incarcerated in another state).

Appellant also argues that under Oklahoma's present certification statute a juvenile could not be tried as an adult for second degree burglary and possession of a firearm. *See* 10 Okla. St. Ann. § 1112 (Supp. 1991). The net result of all this is that both a federal court in Oklahoma and a circuit court in Arkansas are denying jurisdiction, and the merits of appellant's claim have yet to be heard.

By the majority's action today, the appellant, appearing *pro se*, is denied the right to be heard in state court. Not only is this a harsh result for appellant, but it prolongs resolution of a matter which has been pending in various court systems for too long. Appellant will now undoubtedly seek habeas corpus relief in the federal district court in Arkansas. We should give appellant an opportunity to refile his brief, and we should reach a decision on whether a new hearing is appropriate.

Accordingly, I dissent.