Florastene ROSSER *v.* COLUMBIA MUTUAL INSURANCE
COMPANY and The Jacobs Company

CA 95-560                                      928 S.W.2d 813

Court of Appeals of Arkansas
Division II
Opinion delivered October 2, 1996

*Heather Patrice Hogrobrooks*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Dan F. Bufford* and *Bridges, Young, Matthews & Drake PLC*, by: *Stephen A. Matthews*, for appellees.

WENDELL L. GRIFFEN, Judge. Florastene Rosser appeals from the decision of the Circuit Court of Monroe County which granted summary judgment in favor of appellee, The Jacobs Company, on Rosser's complaint in which she sought $50,000 in damages for what she terms misrepresentation, unconscionable business practices, conflict of interest, and breach of fiduciary duty.[1] We hold that the trial court did not err when it granted summary judgment in favor of appellee on its motion asserting that there were no genuine issues of material fact and that appellee was entitled to judgment as a matter of law. We also find that the motion by appellee for attorney fees and costs because of gross defects in appellant's abstract is well-founded and should be granted because appellant's abstract is in flagrant violation of Rule 4-2(b) of the Rules of the Supreme Court. Therefore, we affirm the judgment below, and award an attorney's fee of $750 and brief cost of $42 to appellee, to be paid by counsel for appellant.

This litigation arose from appellant's purchase of a house located at 208 Karen Lane in Clarendon, Arkansas, pursuant to an offer and acceptance that she executed on April 5, 1991, which was

---

[1] As will be seen later in this opinion, appellant's theory of alleged liability is unclear, whether judged from the language of her complaint or the summary judgment pleadings. Unfortunately, her brief contains no abstract of the pleadings. However, because the argument section of her brief mentions "the tort of fraud, misrepresentation, or deceit," we have reviewed her appeal from the entry of summary judgment from the perspective of that allegation, notwithstanding what we find to be flagrant and inexcusable deficiencies in her abstract and brief regarding this and other areas of the appeal.

accepted by William M. Smith and Wanda K. Smith (the sellers of the house) the same day. Appellant agreed to pay $33,500 for the house, made a $14,000 down payment, and financed the balance of the purchase price through a loan from Merchants and Planters Bank of Clarendon. The transaction closed on April 19, 1991, and appellant moved into the house during the weekend of July 4, 1991. The house had been listed by appellee, The Jacobs Company, on behalf of the sellers. Appellant requested that The Jacobs Company procure a homeowner's policy for her, and a policy was issued by Columbia Mutual Insurance Company for an initial coverage period covering April 19, 1991, to April 19, 1992. The policy was later extended for the period from April 19, 1992, to April 19, 1993, but was not renewed after the 1993 expiration date.

Sometime in February 1993, appellant notified David Jacobs, of The Jacobs Company, that water was standing on the roof of the house. Jacobs reviewed the Columbia Mutual policy and informed appellant that the problem was not an insured loss under its terms. According to appellant, the roof began leaking sometime between May and July 1993. Appellant filed this litigation on July 28, 1993, against Columbia Mutual and The Jacobs Company, alleging that Columbia had breached a duty of good faith and fair dealing, had acted in bad faith by refusing to pay a valid insurance claim, and had wrongfully canceled the homeowner's policy. Appellant alleged that The Jacobs Company was liable for damages because of conflict of interest and breach of fiduciary duties owed to her, and that both defendants were liable because of unconscionable business practices. The complaint sought damages of at least $50,000 from the defendants, jointly and severally, for alleged economic losses, mental anguish, emotional pain, and attorneys' fees and costs.[2] No service, however, was had on Columbia Mutual. The Jacobs Company filed its answer denying the allegations of the complaint, followed by

---

[2] The pertinent provision of appellant's complaint regarding the damages allegation reads as follows:

> As a result of defendants [sic] joint and severable conduct, plaintiff has suffered economic losses, mental anguish, emotional pain and the attorneys fees and cost necessitated by their conduct.
>
> Accordingly, plaintiff request [sic] that the jury award her the sum of money which will compensate her for her loss, compensate her personal injuries and cause defendants reason to give considerable reflection and contemplation to proceeding on the same course of conduct made the basis of this complaint in the future.

interrogatories and requests for production of documents and appellant's deposition. Appellee then moved for summary judgment, supported by appellant's responses to the interrogatories, her deposition testimony, and the sworn affidavit of David Jacobs. Appellee's motion was based on the ground that appellant had no cause of action against it arising from its conduct as real estate broker or as an insurance agent. Appellant filed a response, but offered no opposing affidavits or supporting documents. The trial judge heard oral arguments on the motion, and then entered an order granting summary judgment in favor of The Jacobs Company based on its finding that the parol evidence rule and Statute of Frauds prevented consideration of oral proof pertaining to the real estate purchase contract. The trial judge also found that appellant failed to assert a cause of action against The Jacobs Company in tort, and that no cause of action had been asserted against that party in its capacity as agent for Columbia Mutual Insurance Company.

■ On appeal, appellant argues that the trial judge erred in dismissing her complaint for failure to state a cause of action upon which relief could be granted, and contends that the complaint asserted a cause of action for misrepresentation. That is the only argument raised by appellant on appeal, so there is no reason for us to review the trial court's decision regarding the Statute of Frauds and parol evidence rulings concerning appellant's purchase contract pursuant to the longstanding principle that on an appeal from circuit court the appellate court only reviews errors assigned. *Arkansas Power & Light Co.* v. *City of Little Rock*, 243 Ark. 290, 420 S.W.2d 85 (1967).

■■ There are five elements to the tort of fraud, misrepresentation, or deceit: (1) a false representation of material fact; (2) knowledge that the representation is false, or that there is insufficient evidence upon which to make the representation; (3) intent to induce action or inaction in reliance upon the representation; (4) justifiable reliance on the representation; and (5) damage suffered as a result of the reliance. *Wheeler Motor Co.* v. *Roth*, 315 Ark. 318, 867 S.W.2d 446 (1993). Appellant testified in her deposition that David Jacobs represented to her that the house she purchased was in good condition and would not need major repairs. She also testified that her "gut feeling" was that Jacobs knew that there was a problem with the roof but that she did not know whether he knew that there was. Even if there was an issue of material fact concerning

whether Jacobs represented to appellant that the house was in good condition and would not need major repairs (an assertion that Jacobs denied in the affidavit submitted in support of the summary-judgment motion), appellant was obligated to produce specific facts showing that Jacobs knew that the representations were false. Her deposition testimony demonstrates her failure and inability to do so. She was unable to establish the first and second elements of a claim for misrepresentation. Representations are considered to be fraudulent when made by one who either knows them to be false or, not knowing, asserts them to be true. *Miskimins* v. *City National Bank*, 248 Ark. 1194, 456 S.W.2d 673 (1970). Appellant offered no facts to support either conclusion in her response to the summary-judgment motion. Furthermore, we hold that appellant's failure to produce facts showing that any reliance on her part was justifiable warranted the trial court's decision to grant summary judgment against her and in favor of the appellees.

Appellees have moved for an award of attorney's fees and brief cost because of alleged defects in appellant's brief. That motion is well-taken and should be granted. Although appellant's brief asserts that the trial court's dismissal of her complaint for failure to state a claim upon which relief could be granted is the basis of her appeal, she failed to abstract the complaint or any other pleading, including the summary-judgment pleadings that resulted in the decision from which her appeal is taken. She failed to abstract the order by the trial court that granted summary judgment against her. These infractions are sufficient to justify summary dismissal of the appeal for failure to comply with Rule 4-2 of the Rules of the Supreme Court because the deficiencies in the abstract are so flagrant that a decision based on it alone would have been impossible. *McAdams* v. *Automotive Rentals, Inc.*, 319 Ark. 254, 891 S.W.2d 52 (1995); *Haynes* v. *State*, 313 Ark. 407, 855 S.W.2d 313 (1993). But for the supplemental abstract contained in the appellee's brief, it would be impossible for us to understand the basis for the appeal or review the order on which it is based.

Rule 4-2(b)(1) provides that when an appeal is considered on its merits involving a flagrantly defective abstract which has been brought to an appellate court's attention by the appellee who has opted to submit a supplemental abstract in its brief, the appellate court may impose costs to compensate for the other party's non-compliance with the Rule. Counsel for appellee has complied with

the requirement of submitting a statement showing the cost of the supplemental abstract and his certificate showing the amount of time devoted to preparing the supplemental abstract. There is clear judicial precedent holding that attorney's fees may be assessed as costs against a party who has filed a flagrantly defective brief. *See Rhodes v. State,* 276 Ark. 203, 634 S.W.2d 107 (1982); *Roach v. Terry,* 263 Ark. 774, 567 S.W.2d 286 (1978). However, we have not found cases where those costs have been assessed directly against counsel for the party on whose behalf the flagrantly defective abstract was filed. Nevertheless, in this case we believe that basic fairness requires us to grant the appellee's motion for costs and attorney's fees in preparing the supplemental abstract and brief, and assess the amount of that cost and fee against counsel for appellant. Counsel was responsible for knowing the rules regarding abstracting, preparing her client's brief, and ensuring that the rules were followed. Rather than impose the cost of the flagrant dereliction in this regard against appellant, we grant the motion by appellee for the costs associated with preparing the supplemental abstract and assess that cost against appellant's attorney. Counsel for appellant is hereby ordered to pay an attorney's fee of $750 to counsel for appellee, plus $42 for the cost of the supplemental abstract.

Affirmed. Appellee's motion for imposition of cost for preparing the supplemental abstract is granted.

ROBBINS and STROUD, JJ., agree.