Billy ALLEN *v.* Steve ROUTON, Municipal Court Judge; The State of Arkansas; and Gary Mitchusson, Deputy Prosecuting Attorney

CA 96-692 943 S.W.2d 605

Court of Appeals of Arkansas
Division IV
Opinion delivered April 23, 1997

[Petition for rehearing denied May 14, 1997.]

*Heather Patrice Hogrobrooks*, for appellant.

No response.

WENDELL L. GRIFFEN, Judge. ■ Billy Allen has appealed from the decision of the St. Francis Circuit Court that denied his petition for writ of certiorari based on allegations that his conviction in the Forrest City Municipal Court on the charge of theft was unconstitutional because he was denied counsel before the municipal court. We hold that appellant has failed to comply with Supreme Court Rule 4–2(a)(6) regarding abstracting of the record, and that the abstract submitted by appellant is flagrantly deficient. Accordingly, we affirm the trial court judgment due to noncompliance with the Rule. We are also directing that a copy of our opinion be forwarded to the Supreme Court Committee on Professional Conduct for such action as it may deem warranted due to the persistent failure by, Heather Patrice Hogrobrooks, counsel for appellant, to comply with the abstracting requirement of our rules.

The record shows that appellant was charged with theft of property, a Class A misdemeanor, based on the allegation by Ossie Pitts that appellant stole a 1984 Oldsmobile car from Pitts's front yard and stripped it. He was convicted in the municipal court on the charge, and was sentenced to pay a $500 fine, pay restitution of

$2,000 at the rate of $150 per month beginning September 1, 1995, and serve one year in jail. The jail sentence was suspended.

Appellant did not file a direct appeal from the municipal court conviction. Instead, he filed a petition for writ of certiorari and for writ of prohibition in the circuit court after the time for filing an appeal had expired. His circuit court contention was that the municipal court lacked jurisdiction to adjudicate his guilt or innocence because the value of the allegedly stolen vehicle exceeded $500, and that his right to counsel guaranteed by the Sixth Amendment of the U.S. Constitution was denied when he was not told that he could have counsel appointed. The circuit court held that the municipal court had jurisdiction over appellant's misdemeanor charge, and that the $500 fine and requirement that appellant pay restitution of $2,000 was proper. However, it held that the municipal court lacked the power to impose the one-year jail sentence and then suspend its execution. The circuit court specifically declined to address appellant's claim that his right to counsel pursuant to the Sixth Amendment was denied, finding that a deputy prosecuting attorney had no obligation to provide appellant with counsel.

Although appellant urges us to reverse the circuit court decision on the merits, we are unable to do so because of the grossly deficient abstract that appellant has filed. Rule 4-2(a)(6) provides that the appellant's abstract shall consist of an impartial condensation, without comment or emphasis, of such material parts of the pleadings, proceedings, facts, documents, and other matters in the record as are necessary to an understanding of all questions presented to the appellate court for decision. Rule 4-2(b) states that deficiencies in the appellant's abstract will be handled by either preparation of a supplemental abstract by the appellee, or by the appellate court addressing the deficiency *sua sponte* when the case is submitted on its merits. If the appellate court finds the abstract to be flagrantly deficient, or to cause an unreasonable or unjust delay in the disposition of the appeal, the judgment or decree may be affirmed for noncompliance with the Rule. Where the appellate court considers summary affirmance unduly harsh, it may allow the attorney for appellant time to revise the brief, at his or her cost, to conform with the abstracting rule. *Id.*

In *Davis v. State*, 325 Ark. 36, 924 S.W.2d 452 (1996), the supreme court summarily affirmed a conviction and sentence to thirty-three (33) years' imprisonment arising from two counts of possession of a controlled substance with intent to deliver. Although that appeal challenged the conviction for violation of the speedy trial guarantee, the substance of appellant's motion to dismiss for lack of a speedy trial was not abstracted. The trial court's ruling on the motion to dismiss was not abstracted. The appellant in *Davis* also failed to abstract the grounds that had been asserted in motions for continuances that he made, and failed to abstract the trial court's orders on the continuance motions. He failed to abstract the hearing on the speedy trial motion, the substance of a motion for reconsideration, or the trial court's ruling on the motion for reconsideration. The *Davis* case also involved failure to abstract the jury verdict, judgment and commitment order, or notice of appeal. The supreme court summarily affirmed the conviction because of the abstracting deficiencies.

In *Rosser v. Columbia Mut. Ins. Co.*, 55 Ark. App. 77, 928 S.W.2d 813 (1996), we affirmed a summary judgment for the appellee on its merits despite the flagrantly deficient abstract filed by the appellant. However, we granted the appellee's motion for costs associated with preparing a supplemental abstract, and we ordered counsel for the appellant to pay an attorney's fee to counsel for the appellee. In *Rosser*, the appellant failed to abstract the complaint or any other pleading, including the summary judgment pleadings that resulted in the order from which she appealed. She also failed to abstract the trial court order that granted summary judgment. We specifically observed that the abstracting defects were so flagrant that it would have been impossible to render a decision on the merits but for the supplemental abstract in the appellee's brief because it would have been impossible to understand the basis of the appeal or review the order on which it was based. *Id.*

In *C.H. v. State*, 51 Ark. App. 153, 912 S.W.2d 942 (1995), our court rendered an *en banc* decision that affirmed a judgment from the St. Francis County Chancery Court, Juvenile Division, involving the conviction of the appellant for theft of property. The appellant contended that the conviction was not supported by sufficient evidence, and that the trial court had erred by denying his motion to dismiss the delinquency petition. In addressing

appellant's claim that the chancellor erred by denying his motion to dismiss the delinquency petition, Judge Pittman wrote for the majority, "We cannot tell from the abstract on what basis appellant moved to dismiss. It is well established that we decline to go to the trial transcript to reverse a case, and that the abstract constitutes the record on appeal." *Id.* at 155, 912 S.W.2d at 943; *citing Midgett v. State*, 316 Ark. 553, 873 S.W.2d 165 (1994); *Haynes v. State*, 314 Ark. 354, 862 S.W.2d 275 (1993).

 We cite *Davis, Rosser*, and *C.H.* because the attorney for the appellants in those cases represented and prepared the brief for the appellant in this appeal. At oral argument on this appeal, counsel for appellant was referred to some of the abstracting deficiencies in her client's brief; she contended that the abstracting requirement is an unfair imposition upon poor litigants and is unnecessary for resolution of substantive issues. Aside from demonstrating a blatant disregard for the purpose served by the abstracting requirement, counsel's argument is baseless. Even *pro se* litigants are required to comply with court rules, including our rules concerning abstracts. *See Bryant v. Lockhart*, 288 Ark. 302, 705 S.W.2d 9 (1986); *see also Pennington v. Lockhart*, 297 Ark. 475, 763 S.W.2d 78 (1989). Moreover, it is well settled that where nothing is abstracted, summary affirmance for noncompliance with the abstracting requirement is authorized by Rule 4-2(b)(2). *See Dixon v. State*, 314 Ark. 379, 863 S.W.2d 282 (1993); *Haynes v. State*, 313 Ark. 407, 855 S.W.2d 313 (1993); *Bohannon v. Arkansas State Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995). To decide an appeal, the court must, at minimum, know what the trial court ruled before it can possibly determine any error. *Edwards v. Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993). It is unreasonable to expect each member of the appellate court to take turns reading a single record in order to understand what an appeal involves.

 In the case before us, counsel for appellant has filed a brief that failed to abstract the decision rendered by the circuit court, failed to abstract the disposition rendered by the municipal court, failed to abstract the affidavit for the arrest warrant issued for appellant's arrest on the theft charge, and failed to abstract the petition for writ of certiorari or prohibition and the response filed by the State. In other words, none of the pertinent pleadings, documents, and other matters that bear on the appeal have been

abstracted in any fashion. Counsel clearly violated the abstracting requirement in this case. These are the same defects that resulted in summary affirmance in *Davis*, affirmance on the merits but with imposition of costs and attorney's fees in *Rosser*, and our inability to review the appellant's challenge to a chancellor's denial of his dismissal motion in *C.H.*. We will not disregard the abstracting requirement of Rule 4-2 for one category of litigants even if counsel for appellant believes that we should.

■ We also will not ignore the plain consequences of counsel's persistent refusal to comply with the abstracting requirements on the litigants who have entrusted advocacy of their cases to her. Because the State did not file a brief in this case, the flagrantly deficient abstract that counsel for appellant filed in support of her client's plea for reversal of the trial court's judgment is the only record we can reference to reverse. Counsel has known of the consequences of failing to meet the abstracting requirement at least since 1995, when we decided *C.H. v. State*. If counsel seeks to change the abstracting requirement there are legitimate ways for her to pursue that end without selling her clients short in the only appeal they will be able to assert for relief from trial court decisions. Her blatant refusal to comply with the abstracting rule to the detriment of her clients is a flagrant abuse of the trust that her clients have shown her, not to mention a patent attempt to shift the duty to represent her clients to the appellate judges whom she apparently believes should comb trial court records to uncover reversible error that her clients have trusted her to identify and bring before us in proper fashion.

The judgment below is hereby affirmed. We also direct the clerk to forward a copy of this opinion to the Supreme Court Committee on Professional Conduct, the regulatory agency that oversees the professional conduct of attorneys.

JENNINGS and BIRD, JJ., agree.