Carlos T. DEERE *v.* STATE of Arkansas

CA CR 96-1421                                             954 S.W.2d 943

Court of Appeals of Arkansas
Division III
Opinion delivered November 12, 1997

*Heather Patrice Hogrobrooks*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. On September 9, 1994, appellant, Carlos Deere, entered a plea of *nolo contendere* to the charge of theft by receiving. The court suspended imposition of sentence for five years. During that period, appellant was to comply with several conditions of suspension, including the conditions that he was not to commit any offenses punishable by imprisonment; he was not to possess any weapons; and he was not to use, possess, sell, carry, or otherwise handle any controlled substances without a valid doctor's prescription. On February 17, 1996, a warrant was executed to search appellant's apartment, based upon information that appellant was selling drugs from his apartment. The deputies conducting the search discovered "green vegetable-like material" that later tested positive for marijuana, razor blades, a set of scales, and a .22 caliber pistol. Appellant was arrested on February 20, 1996. On April 10, 1996, the State filed a petition for revocation, asserting that appellant had been arrested for possession of a controlled substance with intent to deliver, possession of drug paraphernalia, and possession of a firearm, all of which were in violation of the conditions of his suspended imposition of sentence. Following the revocation hearing, the court sentenced appellant to ten years in the Arkansas Department of Correction

and suspended the imposition of an additional sentence for ten years to run from the date of his release from prison. We affirm.

■ Appellant raises eight points on appeal. We note at the outset that the abstract prepared by appellant's counsel is flagrantly deficient with respect to most of the points raised on appeal. Neither the search warrant nor affidavit exhibits were abstracted, even though the arguments under the first four points of appeal challenge the validity of the February 17 search and the evidence that was procured pursuant to it. Moreover, appellant's counsel did not abstract the original plea statement, conditions of suspension, petition for revocation, judgment and commitment order, and conditions of suspension related thereto. Further, the record and envelope containing the original exhibits were checked out by appellant's counsel. The record was returned to the clerk's office, but the exhibits were not timely returned, even though the clerk's office requested their return. Appellant's counsel has previously been notified about abstracting deficiencies. See *Allen v. Routon*, 57 Ark. App. 137, 943 S.W.2d 605 (1997). We direct the clerk to forward a copy of this opinion to the Supreme Court Committee on Professional Conduct.

■■ Under the first point of appeal, appellant argues that the deputies' entry into his apartment was "warrantless." The basis for this assertion is not clear from appellant's argument, and the abstracting deficiencies noted at the outset of this opinion make it impossible to render a decision on the merits. Moreover, it has long been the law in this State that the exclusionary rule does not apply in revocation hearings. *Robinson v. State*, 29 Ark. App. 17, 775 S.W.2d 916 (1989). We have suggested that a possible exception might be made if the police officers do not act in good faith. *Id.* Here, however, the abstract and argument presented by appellant's counsel do not persuade us that there was bad faith in the procurement and execution of this search warrant.

■ Under the second point of appeal, appellant argues that the search warrant left at appellant's apartment did not satisfy the requirements of Rules 13.2 and 13.3 of the Arkansas Rules of Criminal Procedure in that it did not identify the issuing judicial officer, did not indicate a time and place of issuance, and was not

executed by a judicial officer. Once again, the abstract is of no help in understanding this argument, and we are not persuaded that the exclusionary rule should be applied in this case.

As his third point of appeal, appellant argues that the affidavit supporting the issuance of the search warrant did not satisfy the requirements of Rule 13.1 of the Arkansas Rules of Criminal Procedure in that it does not set forth particular facts bearing on the informant's reliability. Moreover, appellant argues that the testimony from Officer Leary and Judge Baird Kinney did not establish probable cause for issuing the search warrant. The affidavit was not abstracted, but it appears to be set out in full in the argument section of appellant's brief. However, the testimony of Leary and Kinney is not sufficiently abstracted to decide this argument on the merits. Finally, we find no reason to apply the exclusionary rule in this case. *Robinson v. State, supra.*

Appellant argues under the fourth point of appeal that the requirements of Rule 13.2(c) of the Arkansas Rules of Criminal Procedure were not satisfied in that there was no factual basis warranting a nighttime search. In making this argument, appellant relies in part on what he describes as a "misdrawn diagram" attached to the "unexecuted affidavit of search warrant." The abstract deficiencies make it impossible to address this argument on the merits. Moreover, as noted with respect to the previous points of appeal, we are not persuaded that the exclusionary rule should be applied in this case. *Robinson v. State, supra.*

Points five and six make allegations of misconduct, conspiracy to obstruct justice, and bias against the police officer, the "state's attorney," the judge that issued the warrant, and the presiding judge. Once again, however, the abstracting deficiencies make it difficult to understand the arguments and to discern their validity. Point five argues that "the evidence and testimony relied upon to revoke appellant's suspended imposition of sentence was a result of a conspiratorial attempt to obstruct appellant's receipt of justice in State court." The argument relies in large part on the warrant exhibits that were not abstracted. The remainder of the argument is almost pure speculation about wrongdoing and conspiracy. It is impossible to address the argument on the merits.

The evidence found as a result of the search was sufficient to show that appellant violated several of the conditions of his suspension, and appellant has not established any basis for applying the exclusionary rule in this revocation case. *Robinson v. State, supra.* Point six argues that the presiding judge should have recused. First, appellant's counsel did not abstract the motion to recuse, nor the transcript of the hearing on the motion. Moreover, a judge's recusal is discretionary, his impartiality is presumed, and a party seeking disqualification bears a substantial burden to prove otherwise. *Duty v. State,* 45 Ark. App. 1, 871 S.W.2d 400 (1994). Appellant has not presented us with an abstract or an argument to demonstrate that the lower court abused its discretion in denying the motion to recuse in this matter.

■ As his seventh point of appeal, appellant argues that the punishment he received upon revocation of his suspension was excessive, a clear abuse of discretion, and the result of prejudice. We disagree. First, appellant did not abstract either the original conditions of suspension or the judgment and commitment order imposing the sentence from which he appeals. Even so, the range of punishment for theft by receiving is five to twenty years. It is within the trial court's discretion to set punishment within the statutory range of punishment provided for a particular crime. *Adams v. State,* 25 Ark. App. 212, 755 S.W.2d 579 (1988). Upon revocation of his suspended sentence, the trial court sentenced appellant to ten years in the Arkansas Department of Correction and suspended the imposition of an additional sentence for ten years to run from the date of his release from prison. This sentence is within the appropriate range and therefore not excessive. Our previous discussion with respect to recusal disposes of appellant's argument that the sentence was the result of prejudice.

■ ■ As his eighth and last point appellant argues that the trial court was clearly erroneous in revoking appellant's suspension. We disagree. Evidence that may not be sufficient to support a criminal conviction may be sufficient to demonstrate the violation of the conditions of suspension. *Billings v. State,* 53 Ark. App. 219, 921 S.W.2d 607 (1996). We will not reverse the trial court unless its findings are clearly against the preponderance of the evidence, giving due regard to the trial court's superior posi-

tion to determine the credibility of the witnesses and the weight to be given to their testimony. *Id.*

Appellant's argument under this point essentially challenges the trial court's credibility determinations. Decisions regarding credibility of witnesses are for the trier of fact. *Id.*; *Neble v. State*, 26 Ark. App. 163, 762 S.W.2d 393 (1988). The evidence showed that appellant possessed marijuana, scales, and a firearm. The possession of these items constituted a violation of appellant's conditions of suspension. We hold that the trial court's decision to revoke appellant's suspended sentence was not clearly against the preponderance of the evidence.

Affirmed.

BIRD, J., agrees.

GRIFFEN, J., concurs.

WENDELL L. GRIFFEN, Judge, concurring. I agree that we should affirm the revocation of appellant's suspended sentence, and write this concurring opinion to elaborate on the harm posed by appellant's counsel, Heather Patrice Hogrobrooks, in her persistent refusal to comply with the abstracting rule.

By my count, this is the fifth reported decision in two years where an appellate court has found Hogrobrooks to have filed a flagrantly deficient abstract. Four of the cases (including this one) involved criminal appeals; one appeal arose from a civil judgment. *See Allen v. Routon*, 57 Ark. App. 137, 943 S.W.2d 605 (1997). A lawyer who knowingly violates court rules so as to expose her clients to summary adverse consequences does a disservice to her clients and is harmful to the administration of justice. That Hogrobrooks did so in this case, given her history, while brazenly accusing the investigating officer, prosecutor, the magistrate who issued a search warrant, and the trial judge of misconduct, conspiracy to obstruct justice, and bias, is sheer hypocrisy.

I fully support the decision to again refer Hogrobrooks to the Supreme Court Committee on Professional Conduct because she knowingly refused to abstract properly, despite the adverse consequences to her clients and the judicial process. One wonders how

many trusting litigants must be victimized by her combative incompetence, and how long our disciplinary system will leave them at her whim.